UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | NOTICE OF MOTION |
| -vs- | **FILED UNDER SEAL** |
| | 01-CR-6001L |
| ANTHONY F. LEONARDO, JR., | 01-CR-6002L |
| | 01-CR-6078L |
| Defendant. | |

---

PLEASE TAKE NOTICE that upon the annexed affidavit hereto and upon all papers, proceedings and pleadings heretofore had your affiant will move this Court on a prospective date and time as may be designated by the Honorable David G. Larimer for an Order granting the following relief:

A. An Order to withdraw as counsel of record in the above captioned case for the reasons set forth in the accompanying affidavit of John F. Speranza, Esq. which affidavit is filed under seal pursuant to Local Rules of Civil Procedure §83.2 (c) and pursuant to Administrative Procedures Guide §2 (o) 6 together with such other relief as may be just and reasonable under the circumstances extant.

*[signature]*
JOHN F. SPERANZA, ESQ.
Attorney for Defendant
Office and P.O. Address
28 East Main Street
1800 First Federal Plaza
Rochester, New York 14614
[585] 454-1500

TO:  CHARLES B. WDYSH, ESQ.
     Assistant United States Attorney
     138 Delaware Avenue
     Buffalo, New York 14202

TO:  ANTHONY F. LEONARDO, JR.
     Niagara County Jail
     5526 Niagara Street Ext.
     Lockport, New York 14095

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | **ATTORNEY AFFIDAVIT IN SUPPORT OF MOTION** |
| -vs- | **FILED UNDER SEAL** |
| ANTHONY F. LEONARDO, JR., | 01-CR-6001L |
| | 01-CR-6002L |
| Defendant. | 01-CR-6078L |

---

STATE OF NEW YORK
COUNTY OF MONROE   SS.
CTY OF ROCHESTER

JOHN F. SPERANZA, being duly sworn, deposes and says:

1. Your affiant is an Attorney at law licensed to practice in the courts of New York State; the United States District Court for the Western District of New York; the United States Court of Appeals for the Second Circuit and as such appears herein as attorney of record on behalf of the named defendant.

2. That your affiant has represented Mr. Leonardo since his arrest on December 29, 2000. That subsequently on or about August 9, 2001 Mr. Leonardo entered a plea of guilty to a two [2] count Information [No. 01-CR-6078] charging him with money laundering and forfeiture; Count One of Indictment 01-CR-6001 charging conspiracy to possess with intent to distribute five [5] or more kilograms of cocaine and Count One of Indictment 01-CR-6002 charging him with conspiracy to possess with

intent to distribute ten [10] or more kilograms of cocaine.  Pursuant to then Rule 11 (e) (1) (c) the Plea Agreement provided that the Court at the time of sentencing would impose a term of imprisonment of 144 months predicated upon the government's motion for a cooperation departure.  That the said Plea Agreement was in full satisfaction of other criminal charges to which the defendant was potentially exposed.  Shortly thereafter, i.e., following Mr. Leonardo's plea in District Court and pursuant to a plea and sentence bargain negotiated with the Monroe County District Attorney's Office Mr. Leonardo entered a plea of guilty to one [1] count of Conspiracy, a Class B Felony regarding the homicide of Anthony Vaccaro.  Further, upon information and belief, that as predicated upon the precipitating factor of Mr. Leonardo's cooperation with the United States Attorney's Office and the filing of a motion by the latter pursuant to U.S.S.G. §5k1.1 the District Attorney's Office and the Monroe County Court agreed that the appropriate sentence would be an indeterminate term of incarceration having a minimum of five [5] years and a maximum of fifteen [15] years.  That both of the Plea and Sentence Agreements in the United States District Court and the Monroe County Court were designed to the effect that Mr. Leonardo would serve his sentence of incarceration concurrently with primary jurisdiction within the Bureau of Prisons and to the net effect that with good time applied the prospective concurrent sentences in both the Federal and State jurisdictions would be no more than

ten [10] years. That the defendant's exposure in the State Court in the event that the contemplated plea and sentence bargain was not effectuated was a potential indeterminate sentence having a minimum of eight and one third [8 1/3] years and a maximum of twenty-five [25] years. Again, the precipitating criteria as a predicate to the lesser State sentence was the United States Attorney's Office filing of the said 5k1.1 cooperation downward departure. That on or about November 3, 2004 the Government filed a Motion For Downward Departure based on substantial assistance together with a request that the Court permit the said motion to be supplemented as to the actual substantial assistance provided.

3. That as indicated your affiant was the attorney of record with regard to the effectuation of both Plea and Sentence Agreements in each jurisdiction acting on Mr. Leonardo's behalf and with his consent and authorization.

4. That to date Mr. Leonardo has not been sentenced in either the Federal or State Courts; that January 14, 2005 has been designated as the prospective date for the imposition of sentence before Your Honor. Further, it was contemplated that in order to effectuate the implementation of both sentences sequentially that specific arrangements would be made with the Monroe County Court and District Attorney's office to have Mr. Leonardo sentenced therein following the imposition of the Federal sentence on January 14, 2005 all to the effect that primary jurisdiction

3

would repose with the Bureau of Prisons; and that his sentence would be subsequently served in a Federal facility in full satisfaction of the State sentence on a concurrent basis.

5. That recently and during the pendency of the instant proceedings in contemplation of the imposition of sentence in both jurisdictions Mr. Leonardo has advised your affiant that it is his intention to file with this Court various applications and requests for relief. That the attorney-client privilege precludes your affiant from further elucidating as to any particularized details as to same. That regrettably as a result of the foregoing your affiant and his client have developed a irreconcilable divergence, impasse and actual conflict of interest as to the strategy and future course of action with regard to the instant conjoined criminal cases.

6. That Mr. Leonardo has advised your affiant that it is his intention to file said application and motions on a pro se basis. That as this Court is aware Mr. Leonardo was a successful, talented and well known criminal defense lawyer for some twenty-eight [28] years or more, particularly known and recognized for his extraordinary courtroom skills, ability and advocacy. That upon information and belief, it is your affiant's professional opinion that Mr. Leonardo wishes to act in the capacity of his own lawyer with regard to the application that he is filing with the Court.

7. That your affiant has known Mr. Leonardo for many years having litigated a number of high profile criminal cases with him in both the Federal

4

and State jurisdictions. Further, your affiant has represented Mr. Leonardo over the course of the past several years and has made every effort to act on his behalf according to the highest standards of a criminal defense attorney and to provide effective, loyal and undivided professional services to him. That it is with regret and sorrow and in the exercise of my professional opinion that I am constrained to conclude that our professional differences have become irreconcilable.

WHEREFORE as predicated upon the foregoing your affiant respectfully requests an Order to withdraw as counsel of record in the above captioned case predicated on the reasons set forth in your affiant's supporting affidavit which is filed herein under seal pursuant to Local Rules of Civil Procedure §83.2 (c) and pursuant to the Administrative Procedures Guide §2(o)6 together with such other and further relief as may be just and reasonable under the circumstances extant.

_____
JOHN F. SPERANZA

STATE OF NEW YORK
COUNTY OF MONROE   SS.
CITY OF ROCHESTER

JOHN F. SPERANZA, being duly sworn, deposes and says: I am the attorney for the defendant in the action; I have read the foregoing Affidavit and know the contents thereof; the same is true to my own knowledge,

5

except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

*JOHN F. SPERANZA*

Sworn to before me this
3rd day of December, 2004.

*Roslyn Williams*
Notary Public

ROSLYN WILLIAMS
Notary Public, State of New York
Monroe County, New York
Commission Expires Oct. 31, 2006